Under Supreme Court law, there needs to be a uniform federal definition of statutory rape. Age of consent is an element of this offense and it must be uniform for federal sentencing purposes. Gomez-Mendez did not decide the issue of what the age of consent is for purposes of the uniform federal definition of statutory rape. The issue in that case was whether an affirmative defense of mistake of age is a part of the uniform definition. Age of consent was not an issue in that case because the Court was dealing with a California statute that prohibits sex with a minor under the age of 16. But they say under the age of consent specified by State statute. Are we not bound by that language? I believe not, Your Honor. I know that the Court stated what Black's Law Dictionary definition is, including that terminology. But, again, the age of consent was not raised as an issue by the parties, and I would suggest that that is not precedent. When an issue is not raised in a prior case, the argument is not foreclosed. And we have cited a couple cases, Webster v. Fall and Maria Gonzalez, on page 27 of our reply brief for that argument. Because the Court was dealing with a California statute where it prohibits sex with a minor under 16, the parties had no reason to raise the issue of age of consent. Here we're dealing with an under 18 statute. Therefore, that raises the issue. You have a plain error standard of review here, right? Well, Your Honor, we first would argue that under the Ninth Circuit case of Flores Payon, that there was legal error and it should be reviewed de novo because there's no prejudice to the government here. If the case is sent back to the district court, there will be a new sentencing on an open record. However, if the Court decides that it's plain error review, we meet that standard. There was clearly error and it was clearly plain in this case because the Court did not do the Taylor analysis and compare the statute of conviction to the federal uniform definition of statutory rape. It clearly affected the substantial rights of my client, Mr. Freitas Aguilar. He was sentenced to 60 months prison. Had he not received the 16-level sentencing enhancement, he would be facing a guideline range of 15 to 21 months. And this court in Portillo-Mendoza case has said that a longer sentence undoubtedly affects substantial rights and that disparity in sentencing affects the fairness and integrity of the judicial proceedings. Counsel, following up on Judge Seabright's question, I really don't see how you're distinguishing Gomez-Mendez. That's a very recent case, and as he quoted, and I'm quoting here, the term statutory rape is ordinarily, contemporarily, and commonly understood to mean lawful sexual intercourse with a minor under the age of consent specified by state statute. And in this case, you're talking about the California Penal Code 28B-1, which prohibits sexual intercourse with someone under the age of consent, which in California is 18. How do you distinguish that? How do you get around that problem? And we have another one that's close to that, which is Morales-Alegría. Your Honor, although the Court stated what the Black's Law Dictionary definition is, it goes against Supreme Court law in Taylor. The Taylor case said that there must be consistency in the application of federal law and federal sentencing enhancements. You're talking about on a policy level, though. I mean, everybody wants to have consistency, but as you know, there's all kinds of post-Booker fan-fan cases where there's anything but consistency. What we're trying to do is to apply the law, construe the law as we understand it, and our circuit has recently come down with a Gomez-Mendez. And I'm asking you how you can distinguish this element of your case from Gomez-Mendez. I'm not seeing it. Can you help me with that? Although the Court stated what Black's Law Dictionary definition is, that was not an issue raised by the parties in that case, and that language is specified by state statute. That just means let's leave it up to the states, the various state laws. But you've argued for uniformity, and there's two different ways of achieving uniformity under our federalism. One is to have the same rule, which would be a federal rule, but that's not what the sentencing guidelines adopted. We could have said we're going to establish the age of consent as a matter of federal policy, and it will be fill in the blank. But we could also have a uniform rule that says we will punish statute A conviction for statutory rape will have the following effects. Statutory rape being defined however the states define it. And that also would be a uniform rule. That is, if you're convicted of statutory rape, so that one state would be free to abandon statutory rape entirely or make it the age of consent 14 or 12, and it wouldn't affect the ability of California to punish something differently. And we would still have a uniform federal rule which says if you get convicted of statutory rape in your state, whatever their definition, it's going to have these consequences for you. I disagree, Your Honor. I believe the age of consent is an element of the offense, and it needs to be uniform in federal sentencing for purposes of federalism. Okay. Where do you get that, though? Taylor. Taylor can't be the answer. Have you got something else other than a very, very broad statement in Taylor? Well, it's not only Taylor. It's Ninth Circuit law in U.S. v. Trinidad Aquino, where the court has said in constraining a federal statute, any definition of the terms must be uniform in the sense that the federally prescribed definition always applies, not a definition derived by state law. And if the federally prescribed definition is statutory rape, then why don't we get to look to the statute of each state? Because each state basically defines it differently by setting a different age of consent. Well, then why didn't Congress provide for a uniform age of consent for actions under federal law having consequences? I don't know the answer to that, Your Honor. I think there's another problem that hasn't really been addressed, and that is maybe your foundation, your Taylor foundation is being eroded somewhat by the Supreme Court this term in the James case and Gonzales v. Duenas-Alvarez, where they're starting to take a little bit of a different view as to the categorical approach and how it actually applies. And in James, the court said the proper inquiry isn't whether or not the conduct always will fall within, in that case, the catch-all definition of crime of violence, but whether in the ordinary case it presents a potential risk of injury to another. So they sort of backtracked or at least redefined to a certain degree how you look at the conduct and its effect, which seems to undermine even further your argument that we need to have this uniform, it has to be 16 and younger, or it doesn't qualify as statutory rape. Your Honor, I'm not familiar with the James case, but I do want to point out that this Court's case law seems to suggest that minors 16 and above are able, are capable of consenting. In this case, in the Lopez-Eliz case, in the context of sexual abuse of a minor, dealing with a similar statute from Tennessee, prohibiting sex with somebody under 18, the Court recognized that as minors get closer to the age of 18, they are capable of consenting and that there is no abuse. But that's up to the State legislature in this case. I mean, if Tennessee wants to make that judgment call for its citizens, it's free to do that. If California wants to make a different call, it's free to do that. The fact is, in the Federalist system we have, we incorporate those State standards in our sentencing. But each State can set the age at whatever age they think is appropriate. But when a person is caught up in the Federalist system, it's not fair that in 32 States conduct is legal, yet somebody has a conviction out of one of four States making it illegal, and they're getting a 16-level enhancement, which significantly increases their punishment. Does the California statute violate the Equal Protection Clause? Is that your argument? No, not exactly. My argument is still based on Taylor and ---- But the sentencing guidelines themselves simply refer to statutory rape without defining that term. Correct. That is correct. And that's why I'm asking the Court. I think the Court needs to decide what the age of consent is for purposes of the uniform Federal definition. Counsel, before you sit down, on the 3553 argument, do we need to hold this case for a resolution of Cardi and Zabala? Your Honor, I believe that the first issue that needs to be decided is the sentencing issue with regards to whether the 16-level sentencing enhancement was appropriate. Let's assume we get past that. What do we do with the 3553? Okay. I believe that there was clear error on the part of the district court. No, my question is very specific. We have taken en banc two cases, Cardi and Zabala, which are now being held pending resolution of Rita and Claiborne in the Supreme Court. Do we need to hold this case? Can we resolve the 3553 issues without waiting for Cardi and Zabala? Yes, I believe you can. There was no indication on the record that the Court understood that it had the discretion to consider 3553A or that the guidelines were advisory. Even if the Supreme Court were to hold that the guideline sentence is presumptively reasonable, that only goes to substantive reasonableness. Here, there was procedural error committed by the Court, and I believe the issue can be decided on the facts as you have them now. Thank you. Thank you. Is there an error? Good morning, Your Honor. May it please the Court, Elizabeth Berenger, Assistant U.S. Attorney on behalf of the United States. The district court did not plainly err when it determined that the defendant's sodomy of a minor conviction categorically qualified as a statutory rape. The issue in this case is whether a State statute that prohibits sodomy of a minor under a certain prescribed statutory age constitutes statutory rape. And under Gomez-Mendez, as Judge Smith noticed, statutory rape is defined as the sodomy of a minor under the age of consent specified by State statute. Gomez-Mendez, unlike defense counsel suggested, more than just deal with affirmative defenses, it laid out the categorical contemporary definition of statutory rape, and age is not an element of that definition. Under Taylor, all 50 States share this uniform definition of statutory rape. If you look at the appendices, the appendices don't lay out the age of consent, just to clarify. They just lay out a sampling of the different criminal statutes. But all 50 States share this uniform definition. It's also supported by more than Black's law. But the uniform definition in that they continue to punish statutory rape. They share the uniform definition that it's some sort of sexual intercourse with a minor under a certain age of consent. Right. But the age is not uniform. The age is not uniform. But the age is not an element. No court of appeals, no authority really recognizes. How can age not be an element? How can age not be an element? Well, it's not an element of the common contemporary definition of what statutory rape is. It's a definition shared by all 50 States. All 50 States have the same definition. And the definition is under a certain age as specified. Under a certain age specified by State statute. Within each State, that age is an element of defense. Sure. All right.  It's more than Black's law dictionary that supports this. If you look at the government's brief and the Gomez-Mendez decision, it's footnote 7. It cites a wealth of authority other than Black's law dictionary that talks about this uniform definition of the 50 States. It's also consistent with the Tenth Circuit and Hernandez-Casillo. In fact, if this Court were to find that there is this threshold age that's required in the contemporary definition, it would conflict with the Tenth Circuit's decision in that case, which was deciding the California statute with an age of consent of 18. Well, what's your sense of the impact were we to adopt the request, the recommendation of the Federal Public Defender's Office on this issue? Well, that's a great question. If we adopt it, there are seven jurisdictions right now, seven large jurisdictions that actually define it as under the age of 18 and an additional five at least that define it under the age of 17. And if you look at the U.S. Census reports, that's over 40 percent of the population that you'd be excluding from the common ordinary definition. And that's just based on the appendices. That's not even based on the statistics in the defendant's brief about that actually way more jurisdictions than that have an age of consent of 16 or 17. Isn't what Judge Bybee indicated about the uniformity of his book and the book Taylor correct that what we're really talking about is that each State is free to define its definition of the age of consent? And that's a uniform treatment. Every State has that right in this situation. Certainly. Taylor doesn't require that all the States have the exact same definition of a specific offense. It sets a bar, and it says this is what the definition is. And if your State statute falls within this definition, then it qualifies under the Federal definition. So it's not putting it that every single State has to have the exact age of consent. But they all do have to have some things in common. According to this definition, there are some limits. They have to be a minor, and it has to be based on the age of the minor. In fact, it's not uncommon. Isn't it right? Burglaries and errors, you see a lot of cases, because States define burglary very differently. And you could have the exact same context in two different States, but in one State that might be a predicate for an armed criminal act offender, and in another State it may not be. That's exactly right. I mean, we don't have the sort of uniformity. That's exactly right. And it's also not just based on the State statute, but it could be based on the case law in the State. So it does vary greatly among the States. I mean, just look at the difference between Burnett burglary statute interpreting identical language in the Utah statute and Reyna Rodriguez. It's just very different. As Judge Wabi says, Congress can go two ways here. They could create sort of a Federal definition of a crime of violence with elements essentially that would have to be present, regardless of what the State sets forth, or you sort of adopt those State processes. And you are going to have some differences. It's a matter of discourse when you do that. Isn't that right? Absolutely. Just one other thing. I did want to clarify that, to just refer to the government's brief about Lopez-Solis. Lopez-Solis was interpreting a different enumerated offense, sexual abuse of a minor under the guidelines, and not statutory rape. There are very distinct differences between the two of these offenses. One does require a harm and a lack of actual consent of the victim, versus statutory rape doesn't care about actual consent. If the Court doesn't have any other further questions about statutory rape, I could address the reasonableness argument. I would like to hear about the 3553 issue and whether we have to hold it pending Cardi and Zavala. I don't think, Your Honor, that this case needs for us to wait for Cardi and Zavala, although Cardi and Zavala would clearly be helpful. There wasn't plain error in this case. The district court's 60-month sentence was reasonable. Unlike defense counsel's suggestions, the district court clearly recognized that the guidelines were advisory, both in its statement of reasons, which it referred to the advisory guidelines twice, and I've included that in the excerpt of record, the supplemental excerpt of record. Is there any evidence that the district court actually considered the 3553 elements? It's true. Did he mention 3553? He did not explicitly mention 3553, but that's not required by NICS. He did, however, inferentially discuss the 3553A factors. Is there any evidence? I mean, you could do it without mentioning 3553 in so many words. You could go down and say, well, I'm going to consider 1, 2, 3, 4, 5, and so on, and have covered each one in order, and we would know implicitly that he'd done that. Do we kind of have to cut and paste here to kind of make this work? Well, it would be more helpful if he'd done it in a more explicit fashion, but I think there's enough in the record to show that he did inferentially discuss 3553A factors. On ER 23, he talked about the defendant's history and characteristics and the severity of the crime. On ER 24, he specifically addressed that he hoped the sentence would have a deterrent value. So I think that the record, although district court records could always be, you know, more clear for the appellate review, I think he did what was required under NICS, enough to not be clear, obvious error, that is. Diaz-Argueda is inapplicable to this case. In that case, the court didn't give any reason for its sentence, while here I feel like the court did give some good explanation about why it felt that a guideline sentence was appropriate in this case. Are you arguing a plain error review? Yes. Yes, Your Honor. So even though the defense filed the – the defense did file a sentencing memorandum which set forth 3553A factors, is that right? That's true, Your Honor. All right. So under that circumstance, then, you come into sentencing, nobody mentions in particular 3553 by name. Someone is sentenced. It's your view, then, that the defense has to stand up and specifically object to the sentence as not taking into account the 3553A factors? According to Enosis Gunn, that is true if the reason that you're arguing is that the district court didn't fully articulate under 3553A or mention that the guidelines were advisory. I mean, we wouldn't be here today if district – if defense counsel had merely stood up and said, are you using 3553 or can you more fully explain your reasons? And that's what's required under Enosis Gunn. Or if the government had said that. Or if the government had said that. Right. It also would have been helpful. If there aren't further questions, we would just ask that the judgment and sentence be affirmed. Thank you, Ms. Merrick. Can I have a short? Yes, you may. Ms. Merrick. Thank you. I would just ask the court to look at the sources. Two-thirds, a clear majority of American states set the age of consent at 16. The federal statute sets the age at 16. The model penal code sets it at 16. And even Black's Law Dictionary says that the common age of consent is 16. Clearly, age of consent is an element of this offense. It's the guts of the crime. And there needs to be uniformity on the part. There needs to be uniformity in federal sentencing law with regards to this. As to the reasonableness issue, I would just want to read a little bit out of the excerpts from the sentencing. The sentencing court merely said, quote, I do think that some of what you have said goes towards mitigating the sentence. I will consider everything that you've said in terms of determining an appropriate sentence. On page 23 of the excerpts, it says, the judge says, I think the guideline range is significant, and I agree with the recommendation of the probation officer that 60 months is appropriate. There was no record made or nothing to show on the record that the court felt it had discretion under Booker to impose a below-guideline sentence. There was no mention of 3553A. Even if the court didn't say 3553A, it didn't talk about those factors at all. And so that's all I have to say unless the court has further questions. Thank you.   Thank you. Thank you. Thank you. Thank you. Thank you.
judges: Goodwin, Bybee, Seabright